IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALBERTA WEST, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) No. 13-CV-0943-FJG |
| | ) |
| FRONTERA PRODUCE LTD., et al., | ) |
|       Defendants. | ) |

## ORDER

Pending before the Court are (1) Primus Group Inc.'s Amended Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 52); and (2) Primus Group Inc.'s Motion for Leave to File Reply on Motion to Dismiss One Day Out of Time and to Exceed Page Limit (Doc. No. 59). As an initial matter, the motion for extension of time (Doc. No. 59) will be **GRANTED**, and the Court will treat defendant's reply suggestions (Doc. No. 60) as properly filed.

**I.     Background**

Plaintiff alleges that she contracted a *Listeria*-related illness following the consumption of a cantaloupe. Plaintiff alleges that the cantaloupe was produced by Jensen Farms, and distributed and sold by Frontera Produce, Ltd. ("Frontera"). Plaintiff further alleges that defendant Primus Group, Inc., dba Primus Labs ("Primus") is a California company that provides auditing services to agricultural firms, and Bio Food Safety is a Texas company that also provides agricultural auditing services. Plaintiff asserts that Bio Food Safety acted as a subcontractor for Primus and conducted an audit of Jensen Farms approximately six weeks before the FDA conducted an inspection of the Jensen Farms facility and found three of the five strains of *Listeria*

*monocytogenes* associated with the *Listeria* outbreak. Plaintiff alleges that, had the auditor properly detected certain failures in the facility, Jensen Farms would not have received a passing score on the audit and the contaminated cantaloupe would not have been distributed.

Plaintiff sets forth the following claims in her lawsuit: (1) Cause of Action for Personal Injury: Strict Liability against Defendant Frontera (Doc. No. 46, p. 22); (2) Cause of Action for Personal Injury: Negligence Against Defendant Frontera (Doc. No. 46, p. 23); (3) Cause of Action for Personal Injury: Breach of Warranty against Defendant Frontera (Doc. No. 46, p. 26); and (4) Cause of Action for Personal Injury: Negligence against Primus (Doc. No. 46, p. 27).

## II. Primus's Motion to Dismiss (Doc. No. 52)

Primus argues that the allegations in Plaintiff's First Amended Complaint (Doc. No. 46) do not demonstrate that it owed a duty to Plaintiff, and therefore no liability can be imposed on defendant Primus for her injuries. Primus further argues that the Amended Complaint does not contain sufficient facts in support of his theory that there is a causal link between the audit and plaintiff's injuries.

### A. Standard

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet the standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Twombly and Iqbal did not abrogate the

2

notice pleading standard of Rule 8(a)(2)." Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). To meet the plausibility standard, "[a] Plaintiff need only allege facts that permit a reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.'" Id. at 819 (quoting Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009)).

**B.     Analysis**

Defendant argues primarily that it owed no duty to plaintiff. The "touchstone for the creation of a duty" under Missouri law is foreseeability. L.A.C., ex rel D.C. v. Ward Parkway Shopping Ctr. Co., L.P., 75 S.W.3d 247, 257 (Mo. 2002). A duty may arise by operation of a statute, by obligation assumed in a contract, or through the common law. Scheibel v. Hillis, 531 S.W.2d 285, 288 (Mo. Banc 1976). Under the common law, "[a] duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." Richardson v. QuikTrip Corp., 81 S.W.3d 54, 59 (Mo. App. 2002) (citing Madden v. C & K Barbecue Carryout, Inc., 758 S.W.2d 59, 62 (Mo. banc 1988)). "[P]laintiff need not show that the very injury resulting from defendant's negligence was foreseeable, but merely that a reasonable person could have foreseen that injuries of the type suffered would be likely to occur under the circumstances." Smith v. Archbishop of St. Louis, 632 S.W.2d 516, 521 (Mo. App. 1982). "When a defendant undertakes to do something that the defendant knew or should have foreseen would harm others or increase the risk of harm to others, the defendant has a duty to exercise reasonable care in the undertaking." Kaplan v. U.S. Bank, N.A., 166 S.W.3d 60, 70 (Mo. App. 2003).

3

A party entering into a contract may place himself in such a relation toward third persons as to impose upon him an obligation to act in such a way that the third persons will not be damaged. Wolfmeyer v. Otis Elevator Co., 262 S.W.2d 18, 21 (Mo. 1953). Missouri case law is consistent with the Restatement (Second) of Torts, Section 324A which reads:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

Plaintiff's First Amended Complaint alleges that Defendant Primus, "provided auditing services for agricultural and other businesses involved in the manufacture and sale of food products . . . ." (Doc. No. 46, ¶3); that Jensen Farms or Frontera, or both of them, "contracted with Defendant Primus to conduct an audit of Jensen Farms' ranchlands and packing house." (Doc. No. 46, ¶13); that "audit services offered by Primus were designed, in part, to make sure that the auditee passed the audit so that the produce products . . . would be brought to market. . . ." (Doc. No. 46, ¶16); that "Primus intended to aid such companies in ensuring the food products produced were of high quality, were fit for human consumption, and were not contaminated by a potentially lethal pathogen, like *Listeria*." (Doc. No. 46, ¶22); and that

> It was the intent of these contracting parties—i.e. Jensen Farms, Frontera, or both and Primus—to ensure that the facilities, premises, and procedures used by Jensen Farms

4

> in the production of cantaloupes met or exceeded applicable standards of care related to the production of cantaloupe, including, but not limited to, good agricultural and manufacturing practices, industry standards, relevant FDA industry guidance, and Primus's own audit standards and scoring guidelines. It was further the intent of these contracting parties to ensure that the food products that Jensen Farms produced and that Frontera distributed, would be of high quality for consumers, and would not be contaminated by potentially lethal pathogens, like *Listeria*. Finally, it was the intent of these contracting parties that the audit would also determine whether Jensen Farms cantaloupes were produced under conditions that met or exceeded the appropriate standards of care to be certified as "Primus Certified" products.

(Doc. No. 46, ¶23).

Additionally, the First Amended Complaint provides, ". . . Primus agreed, pursuant to its own guidelines, to assess and determine if Jensen Farms' packinghouse facilities, premises, and food safety procedures met or exceeded the applicable good agriculture and manufacturing practices, industry standards, and relevant FDA industry guidance standards of care incumbent upon Jensen Farms as a manufacturer of cantaloupes for human consumption." (Doc. No. 46, ¶33). The First Amended Complaint further details Plaintiff's allegations concerning Primus' obligation under its contract with Jensen Farms and/or Frontera in Paragraphs 34 – 41 of the First Amended Complaint.

The First Amended Complaint then details the alleged failures of Primus' audit (or failures of Primus' alleged agent Biofoods Safety) in Paragraphs 42 – 55. The First Amended Complaint then alleges facts, which if true, relate the alleged failures of Primus and its agents to the distribution of the unsafe cantaloupes and plaintiff's injuries in Paragraphs 56 – 69. Plaintiff's allegations regarding the relationship between her

5

diagnosis of Listeriosis and a cantaloupe consumed by plaintiff is detailed in the Amended Complaint in Paragraphs 70 - 76.

On July 3, 2014, the Court found in Pumphrey v. Frontera Produce Ltd., No. 6:13-cv-03308-MDH, that a substantially similar complaint stated a cause of action against Defendant Primus under the common law of Missouri and the Restatement (Second) of Torts § 324A, given that Primus assumed a duty pursuant to contract and the performance of that duty was designed in part to protect the public from contaminated food products. Pumphrey v. Frontera Produce Ltd., No. 6:13-cv-03308-MDH, 4-5 (W.D. Mo., July 3, 2014) (Doc. No. 60). Judge Harpool found that injury or death to third persons was a foreseeable consequence of the negligent performance of that duty. Id. at 5. This Court finds the same analysis applies with equal force to the present action. The Court finds the factual allegations in plaintiff's complaint sufficient under Iqbal and Twombly to state a claim for negligence under Missouri law. To the extent defendant argues facts beyond the complaint to explain the role of the audit and the auditor, the Court believes such discussion to be beyond the scope contemplated on a motion to dismiss; instead, those arguments would be better addressed on a motion for summary judgment. Furthermore, plaintiff has adequately stated a claim that Primus did not exercise reasonable care in selecting Bio Food Safety and James Dilorio (the auditor) to conduct the audit, and did not monitor them to assure the audit was conducted competently. Therefore, Defendant Primus' Motion to Dismiss (Doc. No. 52) is **DENIED**.

6

Case 4:13-cv-00943-FJG   Document 61   Filed 11/07/14   Page 6 of 7

## III. Conclusion

Therefore, for the foregoing reasons, (1) Primus Group Inc.'s Amended Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 52) is **DENIED**; and (2) Primus Group Inc.'s Motion for Leave to File Reply on Motion to Dismiss One Day Out of Time and to Exceed Page Limit (Doc. No. 59) is **GRANTED**.

**IT IS SO ORDERED.**

Date: November 7, 2014                                  **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                     Fernando J. Gaitan, Jr.
                                                                                 United States District Judge

7

Case 4:13-cv-00943-FJG   Document 61   Filed 11/07/14   Page 7 of 7